UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEARL DE LEON, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MEDICAL CITY HEALTHCARE and MEDICAL CITY LAS COLINAS,<br><br>*Defendants.* | §§§§§§§§§§§§ Civil Action No. 3:19-CV-01574-X |

## ORDER

Before the Court are defendants Medical City Healthcare and Medical City Las Colinas's motion to dismiss [Doc. No. 15] and lead plaintiff Pearl De Leon's motion to certify the class [Doc. No. 18]. For the following reasons, the Court finds it premature to decide the motions on their merits. Therefore, the Court **DENIES WITHOUT PREJUDICE** both motions. Instead, the Court **ORDERS**: (1) the parties to file a joint status report and amended proposed scheduling order by Monday, September 14, 2020; (2) the defendants may refile their motion to dismiss by Monday, September 28, 2020, in accordance with the requirements established by this Order; and (3) in the event this case survives the motion-to-dismiss stage, De Leon may refile her motion to certify within thirty days after the Court decides the defendants' renewed motion to dismiss. In the meantime, the Court **ADMINISTRATIVELY CLOSES** this case, which will reopen upon the parties' filing of their joint status report and amended proposed scheduling order.

After the defendants removed to this Court on June 28, 2019 [Doc. No. 1], De Leon filed an amended complaint on August 16, 2019 [Doc. No. 11]. A month later, the defendants moved to dismiss. The Court (a different Judge presiding) ordered the parties to meet and confer and propose a scheduling order [Doc. No. 17]. Before the parties did so [Doc. Nos. 23 & 26], De Leon moved to certify the class [Doc. No. 18]. The defendants asked the Court to stay briefing on the motion to certify until the Court decided the motion to dismiss and until after the parties completed class discovery [Doc. No. 19]. The defendants also asked the Court to stay all discovery pending the Court's decision on their motion to dismiss [Doc. No. 21]. At the time, the Court declined to stay class-certification briefing while the motion to dismiss was pending, but deferred briefing on the motion to certify until it issued a scheduling order [Doc. No. 27].

The parties then proposed scheduling orders [Doc. Nos. 31 & 33]. Before the Court issued one (and it still has yet to do so), the defendants notified the Court of supplemental authority relevant to its pending motion to dismiss [Doc. No. 37]. Shortly after, the Court granted the defendants' motion to stay discovery pending its decision on their motion to dismiss [Doc. No. 38]. And even more shortly after that, the case was reassigned to this Judge. The parties then moved for leave to file supplemental briefs addressing the supplemental authority the defendants brought to the Court's attention [Doc. No. 39]. Although the Court granted leave to do so, the parties never filed their supplemental briefs. Instead, the defendants recently answered the amended complaint [Doc. No. 42].

The Court desires to establish a clear path forward for the parties. Therefore, the Court **ORDERS** the parties to file a new joint status report and amended proposed scheduling order by Monday, September 14, 2020. The amended proposed deadlines—including class-discovery deadlines—ought to take into consideration the Court's initial motion schedule described below. In the meantime, the Court **ADMINISTRATIVELY CLOSES** the case, which will reopen when the parties file their joint report and amended proposed scheduling order.

The Court first finds it best to decide the motion to dismiss with all the case law and arguments the parties believe are relevant for the motion's merits. Therefore, the Court **DENIES WITHOUT PREJUDICE** the current motion to dismiss [Doc. No. 15]. The defendants may refile their motion to dismiss by Monday, September 28, 2020. De Leon must respond with 21 days of the filing of the motion to dismiss, and the defendants must reply within 14 days of the filing of De Leon's response. The motion to dismiss, and the parties' briefing, should include discussion of any relevant authority that has arisen since the original motion to dismiss was filed.

The Court also finds it best for a motion to certify to be filed and briefed only if the case survives the motion-to-dismiss stage and after class certification discovery has occurred. Therefore, the Court **DENIES WITHOUT PREJUDICE** the current motion to certify [Doc. No. 18]. In the event the case survives a motion to dismiss, De Leon may refile a motion to certify within thirty days after the Court's order deciding the motion to dismiss.

**IT IS SO ORDERED** this 24th day of August 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE