UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEARL DE LEON | § | |
| *on behalf of herself and other* | § | |
| *similarly situated,* | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 3:19-CV-01574-X |
| v. | § | |
| | § | |
| MEDICAL CITY HEALTHCARE; and | § | |
| MEDICAL CITY LAS COLINAS | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pearl De Leon sued Medical City Healthcare and Medical City Las Colinas alleging that the Defendants charged her an undisclosed surcharge for being treated at their facility. The Defendants removed the lawsuit to federal court via the Class Action Fairness Act. De Leon filed a Motion to Dismiss for Lack of Jurisdiction [Doc. No. 44], arguing that an exception to Class Action Fairness Act jurisdiction applies. Medical City Las Colinas filed a 12(b)(1) Motion to Dismiss and 12(c) Motion for Judgment on the Pleadings [Doc. No. 49], as did Medical City Healthcare [Doc. No. 51]. For the reasons below, the Court **DENIES** De Leon's motion to dismiss, **GRANTS** the Defendants' 12(b)(1) motions to dismiss, and **DENIES WITHOUT PREJUDICE** the Defendants' 12(c) motions.

## I. Factual Background

Medical City Las Colinas operates a hospital with an emergency room.[1] The hospital charges emergency room patients a surcharge, also referred to as the facility fee, for receiving treatment at the emergency room.   The fee is calculated at one of five levels according to the seriousness and complexity of the patient's condition and is charged in addition to the itemized charges for individual items of treatment or service the hospital provides to the patient.  Patients sign a financial agreement before receiving treatment.  The parties dispute whether the financial agreement sufficiently discloses the facility fee surcharge.

De Leon received treatment at the hospital's emergency room in fall 2017.  De Leon signed the hospital's form financial agreement, but she alleges that neither the agreement nor any signage or staff notified her about the facility fee.  After treatment, De Leon received a medical bill that included a $1,858.25 surcharge.  De Leon then filed this lawsuit asserting claims under the Declaratory Judgment Act and Texas Deceptive Trade Practices Act.[2]  De Leon requests the Court grant her declaratory relief and several injunctions preventing the Defendants from billing the facility fee without sufficient disclosure ahead of treatment or collecting facility fees charged without proper disclosure.

## II. Legal Standards

---

[1] The parties dispute whether Medical City Healthcare is involved in the operation of the facility.

[2] De Leon's complaint includes class allegations, but the Court has not yet certified a class.

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss a case for lack of subject-matter jurisdiction.[3]  "When a Rule 12(b)(1) motion to dismiss is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[4]  This is so because it prevents a court without jurisdiction from prematurely dismissing a plaintiff's claim with prejudice.[5]  A court may find lack of subject-matter jurisdiction in any of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[6]  The party asserting jurisdiction bears the burden of proof to establish that subject-matter jurisdiction exists.[7]

A federal court's Article III jurisdiction is limited to "Cases" and "Controversies."[8]  The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.[9]  Standing includes three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged

---

[3] FED. R. CIV. P. 12(b)(1).

[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Because the Court finds that it lacks subject-matter jurisdiction, it need not reach the 12(b)(6) motion to dismiss.  Accordingly, the 12(b)(6) legal standard is omitted.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] U.S. Const. art. III, § 1.

[9] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[10]

Similarly, the doctrine of ripeness is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[11] Determining whether an issue is ripe for adjudication requires the court to evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."[12]  "[A] claim is not ripe for adjudication if it or a purported injury rests upon contingent future events that may not occur as anticipated or may not occur at all."[13]

Likewise, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot."[14]  The Court should not declare a case moot "[a]s long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation."[15] However, case will become moot where "there are no longer adverse parties with sufficient legal interests to maintain the litigation" or "when the parties lack a legally cognizable interest in the outcome" of the litigation.[16]  "[I]t is not enough that a

---

[10] *Id.* at 560–61 (cleaned up).

[11] *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993).

[12] *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).

[13] *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).

[14] *Cntr. for Indv. Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

[15] *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir.1998) (cleaned up).

[16] *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004).

dispute was very much alive when the suit was filed; . . . [t]he parties must continue to have a personal stake in the outcome of the lawsuit."[17]

## III. Analysis

### A. De Leon's Motion to Dismiss

De Leon's motion asks the Court to dismiss this case without prejudice for lack of jurisdiction, arguing that this case falls into the local controversy exception to the Class Action Fairness Act.[18]   In her Reply brief, however, De Leon walks back the assertion, stating that she "agrees this case should remain in federal court as a practical matter" and explaining that she filed the motion due to "her concern about the potential exceptions to diversity jurisdiction found in the Class Action Fairness Act . . . that might be raised at a later time."[19]   And, as the Defendants point out, plaintiffs bear the burden of demonstrating that an exception to the Class Action Fairness Act jurisdiction applies, and they must raise the exception within a reasonable time.[20]   Here, De Leon waited over a year to raise the potential applicability of the exception and did not present any evidence demonstrating that the exception actually applies.[21]   Therefore, the Court determines that De Leon failed

---

[17] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990).

[18] 28 U.S.C. § 1332(d)(4).   Unilateral dismissal was not an option available to De Leon under Rule 41 because the defendants filed an answer in addition to their motions to dismiss.

[19] Doc. No. 52 at 1.

[20] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("This court has held that the party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divests the district court of subject matter jurisdiction.  Here, the Insurance Companies bore the burden of proof as to each element of the 'local controversy' and 'home state' mandatory abstention provisions of CAFA."); *Watson v. City of Allen*, 821 F.3d 634, 639–40 (5th Cir. 2016).

[21] De Leon argues only that she "is quite certain" that the facts necessary to fulfill the local controversy exception are present in this case but admits she "has no records or proof that such is the

her burden to establish the applicability of an exception to jurisdiction under the Class Action Fairness Act and **DENIES** De Leon's motion to dismiss.

## B. The Defendants' Motions to Dismiss

The Defendants argue that De Leon lacks standing to sue, and therefore the case does not present a justiciable "case or controversy" for which the Court's Article III jurisdiction could attach.  Specifically, the Defendants contend that De Leon did not suffer an injury in fact that the Court can redress.  De Leon argues that her injuries in fact are (1) the invasion of her right to be free from financial injury (*i.e.*, the cost of the allegedly less-than-sufficiently disclosed surcharge) and (2) her right to be free from undisclosed charges.[22]

### 1. Future Injury

De Leon seeks prospective relief in the form of (1) a declaration that the Defendants owed her a "duty to disclose their intention to add a Surcharge to the patient's bill, in advance of providing treatment that would trigger such a Surcharge"; and (2) an injunction to "prohibit [the] Defendants from continuing to bill Surcharges without full and fair disclosure in advance of treatment that would trigger the surcharge."[23]

De Leon only has standing to seek prospective relief if she alleges "facts from which it appears there is a substantial likelihood that [she] will suffer injury in the

---

case."  Doc. No. 44 at 2.  Given that there are several mechanisms for discovery and compelled disclosure in federal litigation, the Court may fairly credit the failure to obtain supporting evidence to De Leon.

[22] Doc. No. 56 at 24.

[23] *Id*. at 17–18.

future."[24]  De Leon, however, does not allege that she is in danger of suffering the same or similar informational or economic harms again.  Nor could she.  In order to suffer these harms again De Leon would need to (1) suffer an accident or condition that requires emergency treatment, (2) while in the location close enough to receive treatment at the Defendants' facilities, (3) actually receive treatment at the Defendants' facilities, and then (4) receive a charge for an undisclosed facility fee.  Although this chain of events is possible, mere possibility is not enough.[25]  The need for emergency care is inherently speculative and unpredictable, with respect to both where it might occur and whether the need will arise at all.  De Leon fails to demonstrate "a substantial likelihood" that she will suffer these injuries in the future.[26]  Instead, the potential future controversy is merely "conjectural, hypothetical, or contingent" on other events, and therefore insufficient to create standing to seek prospective relief.[27]

## 2. Past Injury

De Leon also seeks relief intended to remedy her alleged past injuries: the invasion of her right to be free from financial injury her right to be free from undisclosed charges.  From a standing perspective, these are potentially sufficient injuries that are fairly traceable to the Defendants' alleged failure to properly disclose the surcharge and generally redressable by the Court.

---

[24] *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

[25] *See A&M Gerber Chiropractic*, 925 F.3d at 1214

[26] *Bauer*, 341 F.3d at 358.

[27] *Id.*

The issue is whether De Leon's injuries are moot.  The Texas Deceptive Trade Practices Act establishes remedies available to consumers who prevail on a claim under the statute.  The remedies relevant to this case are: "(1) the amount of economic damages found by the trier of fact. . . . (2) an order enjoining such [unlawful] acts or failure to act."[28]  De Leon affirmatively represented in her complaint that "no monetary damages or restitution are sought in this petition."[29]  Instead she seeks an injunction prohibiting the Defendants from collecting the surcharge from her.[30]

Here, however, Medical City Las Colinas internally wrote off De Leon's balance as "bad debt" before De Leon filed this lawsuit[31] and then, during the litigation, affirmatively waived all rights to collect the debt.[32]  This effectively granted De Leon the relief she sought; therefore leaving her without a cognizable injury and rendering moot her request for the Court to enjoin the Defendants from collecting the surcharge.[33]

In her response brief, De Leon identifies another source of economic damage: $4.05 in out of pocket expenses for postage used in correspondence with the Defendants regarding the surcharge.[34]  However, because De Leon affirmatively

---

[28] TEX. BUS. & COM. CODE § 17.50(b)(1)–(2).

[29] Doc. No. 11 at 18.

[30] *Id.* at 19.

[31] Doc. No. 50 at 39.  While the Court could not consider such arguments in a Rule 12(b)(6) posture, it can consider such evidence in a Rule 12(b)(1) jurisdictional attack.

[32] *Id.*

[33] *See* Doc. No. 11 at 19.

[34] Doc. No. 56 at 23.  De Leon also argues—without authority—that the defendants cannot legally moot a class representative's claim by waiving the balance of the account.  It is true that the mootness of a class representative's claim might not render moot the claims of a certified class.  *See*

represented in her complaint that "no monetary damages or restitution are sought in this petition," it is unclear to the Court whether De Leon intends to rely on this expense as her injury-in-fact seek to recover this cost.[35]  The Court cannot redress an injury when the plaintiff does not seek a remedy that can redress that harm.  Without more clarity from De Leon's complaint, the Court cannot determine that it has Article III jurisdiction over the case.  Therefore, the Court **GRANTS** the Defendants' motions to dismiss.

But the Court is dismissing De Leon's complaint without prejudice and allowing repleading.  If De Leon wishes to use the $4.05 postage expense as her basis for standing, she may file an amended complaint within twenty-eight days that identifies this injury and requests a correlating remedy.[36]

### C. Motions for Judgment on the Pleadings

The Defendants also filed motions for judgment on the pleadings under Rule 12(c).  Because De Leon has not yet established the Court's Article III jurisdiction

---

*Sosna v. Iowa*, 419 U.S. 393, 402 (1975).  Here, however, there is no certified class.  And even in class actions, Article III requires that "[t]here must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23."  *Id.*  So, allegations of mootness are very much still relevant to the Court's Article III jurisdiction in the class action context.

[35] Doc. No. 11 at 18.

[36] The Defendants requested the Court dismiss the case with prejudice.  However, dismissal for lack of jurisdiction is not an adjudication of the merits and therefore is without prejudice.  *See Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("Unlike the typical dismissal under Rule 12(b)(6), for instance, which 'operates as an adjudication on the merits,' a dismissal for lack of jurisdiction under Rule 12(b)(1), for instance, does not." (quoting FED. R. CIV. P. 41(b))).  If De Leon elects not to amend her complaint, this ruling will have dismissed the case without prejudice for lack of jurisdiction.  If De Leon amends her complaint, the Defendants will have another opportunity to seek dismissal.

over this case, the Court cannot reach the merits of motions.  Therefore, the Court **DENIES WITHOUT PREJUDICE** the Rule 12(c) motions.

## IV. Conclusion

For the foregoing reasons the Court **DENIES** De Leon's motion to dismiss, **GRANTS** Medical City Healthcare and Medical City Las Colinas's motions to dismiss, and **DENIES WITHOUT PREJUDICE** Medical City Healthcare and Medical City Las Colinas's motions for judgment on the pleadings.  The Court **DISMISSES WITHOUT PREJUDICE** De Leon's complaint but allows De Leon to file an amended complaint within twenty-eight days with changes limited to addressing the jurisdictional issues identified in this order.

**IT IS SO ORDERED** this 23rd day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE